IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02164-ZLW

LEO SIMMONS,

    Applicant,

v.

ARI ZAVARAS, Executive Director, and
BOB KURTZ, Warden,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DENYING MOTION FOR RECONSIDERATION

This matter before the Court is the *pro se* "Motion for Reconsideration of Judgment and Order in Favor of Respondents, and Order of Dismissal, Filed Nov. 20/2008," filed with the Court on December 4, 2008, by Applicant Leo Simmons. Mr. Simmons is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Huerfano County Correctional Center, in Walsenburg, Colorado. He seeks reconsideration of the Order of Dismissal and the Judgment filed on November 20, 2008, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Motion liberally because Mr. Simmons is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court denied the Application and dismissed the action without prejudice because Mr. Simmons failed to cure all deficiencies noted in Magistrate Judge Boyd N. Boland's October 7, 2008, Order to Cure. Although Mr. Simmons filed his claims on a

proper Court-approved form used in filing 28 U.S.C. § 2254 actions, he failed to submit to the Court a certified copy of his trust fund account statement within the time allowed.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The November 20, 2008, Order of Dismissal and the Judgment denied the Application and dismissed the action without prejudice. The instant Motion was filed on December 4, 2008, which is within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at

2

1244. Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Simmons fails to demonstrate some reason why the Court should alter or amend the November 20, 2008, Order of Dismissal and the Judgment in this action.

Mr. Simmons failed to submit a certified copy of his account statement within the time allowed. He did not ask the Court for an extension of time if he required more time to obtain a copy. As is indicated in the "Request for Service" that Plaintiff attached to the Motion for Reconsideration, he was aware at the time the Court dismissed the action that he had not received a certified copy of his trust fund account statement and that he was required to submit the certified copy to the Court by November 6, 2008. Plaintiff had sufficient time to inform the Court of any difficulties he incurred with obtaining a certified copy of his account statement.

Therefore, the Motion will be denied. Mr. Simmons is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that Applicant's Motion for Reconsideration, (Doc. No. 7), filed December 4, 2008, is denied.

DATED at Denver, Colorado, this 12 day of Dec. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02164-ZLW

Leo Simmons
Prisoner No. 62094
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk