IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02164-ZLW

LEO SIMMONS,

    Applicant,

v.

ARI ZAVARAS, Executive Director,
BOB KURTZ, Warden,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER ON PARTIAL REMAND

This matter is before the Court on the April 22, 2009, partial remand entered by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in the instant action. The Tenth Circuit partially remanded this matter for consideration of Applicant's ineffective assistance of counsel claim asserted pursuant to 28 U.S.C. § 2254. The Tenth Circuit found that this Court improperly dismissed the action when Applicant failed to submit an account statement to the Court. The Tenth Circuit held that the requirement under 28 U.S.C. § 1915(a)(2), which requires prisoners to submit an account statement when they desire to proceed *in forma pauperis* does not apply in habeas corpus actions, and, because Applicant has filed a § 2254 action and is not

required to submit an account statement in the instant action, this Court incorrectly dismissed the action for his failure to do so.

Although Applicant is not required to submit an account statement under 28 U.S.C. § 1915(a)(2), under Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, an applicant must submit a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the [applicant] has in any account in the institution." Therefore, the Court will direct Applicant to provide a certified statement regarding the current amount of monies he has in any account in the institution where he is incarcerated. Once Applicant has filed the certificate, the Court will proceed to review Applicant's ineffective assistance of counsel claim.

The Court notes that on the last page of the Amended Application filed on October 30, 2008, Applicant states he was in lock-down and not able to obtain an account statement for filing with the Court. Although Applicant is not required to submit the six-month account statement as previously requested, he is required, as stated above, to submit a certificate from a prison representative showing how much money he has in his account. Because Applicant has filed a Notice of Change of Address indicating he no longer is held at the facility where he was placed in lock-down, it appears that he should be able to comply with the Court's request for a certificate from a prison representative verifying the amount of money he currently has available in his account. Accordingly, it is

ORDERED that the instant action is returned to the pro se division for further initial review pursuant to D.C.COLO.LCivR 8.2. It is

FURTHER ORDERED that Applicant cure the deficiency designated above within thirty days from the date of this Order. It is

FURTHER ORDERED that if Applicant fails to cure the deficiency within thirty days from the date of this Order the Application and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02164-ZLW

Leo Simmons
Prisoner No. 62094
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/4/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk