IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02164-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 4 2009

GREGORY C. LANGHAM
CLERK

LEO SIMMONS,

　　　　Applicant,

v.

ARI ZAVARAS, Executive Director,
BOB KURTZ, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

　　　　Respondents.

---

ORDER OF DISMISSAL

---

　　　　Applicant, Leo Simmons, is in the custody of the Colorado Department of Corrections and currently is incarcerated at Kit Carson Correctional Facility in Burlington, Colorado.  Mr. Simmons initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 96-CR-1974 in the El Paso County District Court of Colorado.

　　　　On October 7, 2008, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Simmons to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Boland ordered Mr. Simmons to submit a certified copy of his trust fund account statement for the six-month period immediately preceding his filing.  Mr. Simmons failed to submit a certified copy of his trust fund account statement, and on November 20, 2008, the

Court dismissed the action without prejudice for failure to cure the deficiencies within the time allowed.

Mr. Simmons appealed the dismissal to the Tenth Circuit Court of Appeals. On April 22, 2009, the Tenth Circuit Court of Appeals found that Mr. Simmons was not required to file an account statement pursuant to 28 U.S.C. § 1915(a)(2), because that provision does not apply to habeas corpus actions brought by state prisoners under § 2254. Therefore, the Tenth Circuit reversed the judgment, and remanded Applicant's ineffective assistance of counsel claim for further proceedings.

On June 4, 2009, the Court entered an Order on Partial Remand, and directed Mr. Simmons to cure certain deficiencies. Specifically, the Court directed Mr. Simmons to submit a certificate from a prison representative showing his current account balance, as required by Rule 3 of the Rules Governing Section 2254 Cases. Mr. Simmons submitted his inmate account statement on July 1, 2009, and Magistrate Judge Boland entered an order granting Mr. Simmons leave to proceed *in forma pauperis* on July 2, 2009.

In an order entered on July 7, 2009, Magistrate Judge Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on August 24, 2009. Mr. Simmons filed his Reply on September 21, 2009.

The Court must construe liberally the Application filed by Mr. Simmons because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

2

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On January 14, 1998, a jury found Mr. Simmons guilty of conspiracy to possess a schedule II controlled substance. Pre-Answer Resp. Ex. A at p. 15 (State Register of Actions). On March 12, 1998, the trial court sentenced him to twelve years' incarceration, but suspended the sentence on the condition that Mr. Simmons successfully complete eight years in community corrections. *Id.* at 16. On June 25, 1998, Mr. Simmons was terminated from community corrections, and the trial court reinstated the twelve-year sentence. *Id.* Mr. Simmons did not file a direct appeal.

On August 10, 1998, Mr. Simmons filed a motion pursuant to Colorado Rule of Criminal Procedure 35(c). *Id.* It does not appear that the trial court entered a ruling on the Rule 35(c) motion. *Id.*

On May 15, 2000, Mr. Simmons filed a motion requesting a ruling on his previous Rule 35(c) motion, and an Amended Rule 35(c) motion. *Id.* It does not appear that the trial court responded to the motion, or entered a ruling on the Amended Rule 35(c) motion. *Id.*

On August 22, 2002, Mr. Simmons filed a "Motion for Writ of Habeas Corpus Ad Prosequendum," in Fremont County District Court. *Id.* at Ex. B. The motion was subsequently transferred to El Paso Court, where the court construed it as a Rule 35(c) motion. *Id.* at Ex. C. The state court denied the Rule 35(c) motion on January 29,

3

2003. *Id.* Mr. Simmons appealed the denial of this motion to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on September 2, 2004. *See People v. Simmons*, No. 03CA0300 (Colo. App. Sept. 2, 2004) (unpublished decision).

On July 13, 2007, Mr. Simmons filed a petition for writ of habeas corpus in the state court, that was denied on August 10, 2007. Pre-Answer Resp. Ex. A at p. 17.

Mr. Simmons then filed the instant action, which was received by the Court on September 25, 2008.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

(2)  The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Simmons' criminal case became final. The final sentence in Mr. Simmons' case entered on March 12, 1998.  Pre-Answer Resp. Ex. A at p. 16.   Because Mr. Simmons did not file a direct appeal, the Court therefore finds that his conviction became final on April 27, 1998, forty-five days after he was sentenced.[1]  *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  As such, the one-year statute of limitations began to run on April 28, 1998, the next business day after the conclusion of the time to appeal.  *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Simmons' state court post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

---

[1]The forty-fifth day after March 12, 1998, was April 26, 1998.  However, April 26, 1998, was a Sunday.  Therefore, the filing deadline extended until April 27, 1998. *See* C.A.R. 26(a).

5

> (1) the place and time of filing; (2) the payment or waiver of any required
> filing fees; (3) the obtaining of any necessary judicial authorizations that
> are conditions precedent to filing, such as satisfying any filing
> preconditions that may have been imposed on an abusive filer; and (4)
> other conditions precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Simmons' state court action between April 28, 1998, and August 9, 1998. These **104** days are credited against the one-year statute of limitations. Mr. Simmons filed a Rule 35(c) motion on August 10, 1998. Pre-Answer Resp. Ex. A at p. 16. The trial court did not rule on Mr. Simmons' Rule 35(c) motion. Therefore, Respondents argue that Mr. Simmons abandoned the Rule 35(c) motion, and the motion should not toll the statute of limitations. Pre-Answer Resp. at 5.

Relying on *Herr v. People*, 198 P.3d 108, 112 (Colo. 2008) (citing *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988), Respondents argue that Mr. Simmons bears the burden of undertaking reasonable efforts to secure a ruling on his motion for pretrial confinement credit. *Id.* Respondents conclude that Mr. Simmons abandoned his

6

motion for pretrial confinement credit because the trial court failed to rule on his motion within the time allowed for a Rule 35(c) review, and Mr. Simmons' motion should toll the time for no more than 105 days for the purpose of § 2244(d), including the sixty days allowed for review of the motion and the forty-five days allowed to appeal any decision under Colo. App. R. 4(b)(1).  *Id.*

However, the Court cannot conclusively determine that Mr. Simmons' August 10, 1998, motion was abandoned.  The state court register reflects that on September 29, 1998, and on October 20, 1998, Mr. Simmons sent letters to the state court.  It is not clear whether Mr. Simmons was requesting a ruling on his 35(c) motion in these letters, or whether the letters have no applicability.  Nonetheless, on May 15, 2000, the state court register reflects that Mr. Simmons filed a motion requesting a ruling on his previous Rule 35(c) motion, in addition to an amended Rule 35(c) motion.  Pre-Answer Resp. Ex. A at p. 16.  Accordingly, because it is not immediately evident whether Mr. Simmons actually abandoned his August 10, 1998, Rule 35(c), the Court will not count the period from August 10, 1998, to May 15, 2000, against the one-year statute of limitations.

The trial court again failed to rule on Mr. Simmons' amended Rule 35(c) motion filed on May 15, 2000.  However, the state court register reflects that Mr. Simmons did not file any additional motions, letters or requests for ruling until August 22, 2002, when he filed a Motion for Writ of Habeas Corpus Ad Prosequendum in the Fremont County Court.  Pre-Answer Resp. Ex. B at p. 3.  Under *Herr*, Mr. Simmons bears the burden to undertake reasonable efforts to secure a ruling on his amended Rule 35(c).  *Herr*, 198

P.3d at 112.  Because Mr. Simmons made no further efforts to obtain a ruling on his amended Rule 35(c) motion, and waited for over two years to file his next postconviction motion, the Court therefore finds that the May 15, 2000, motion was abandoned.

The Court finds that the statute of limitations was tolled for 105 days, or until August 28, 2000, including the sixty days allowed for review of the motion and the forty-five days allowed to appeal any decision under Colo. App. R. 4(b)(1).  Accordingly, the limitation period was tolled until August 28, 2000.  The limitation period began to run again on August 29, 2000, the next business day after the conclusion of the time to appeal, and expired on May 17, 2001, the 261st day after the limitation period began to run (**104 days + 261 days = 365 days**).  Because the one-year limitation period expired before Mr. Simmons filed his next postconviction motion on August 22, 2002, that motion, and any subsequent motions, could not have tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Accordingly, the Court finds that the limitation period expired approximately seven years and four months prior to the filing of the application on September 25, 2008.  Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

8

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Simmons bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Simmons fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Simmons has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _23_ day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02164-BNB

Leo Simmons
Prisoner No. 62094
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _11/24/09_


GREGORY C. LANGHAM, CLERK

By: _____
                          Deputy Clerk