FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 1 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02164-BNB

LEO SIMMONS,

    Applicant,

v.

ARI ZAVARAS, Executive Director,
BOB KURTZ, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the *pro se* "Motion for Reconsideration and Review of Judgment," filed by Applicant Leo Simmons on December 30, 2009. The Court must construe the Motion liberally because Mr. Simmons is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion to Reconsider will be denied.

The Court denied the 28 U.S.C. § 2254 Application and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The reasons for the dismissal are explained in detail in the November 24, 2009, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

The November 24, 2009, Order denied the Application and dismissed the action. The instant Motion to Reconsider was filed on December 30, 2009. The Court finds that the Motion to Reconsider was filed more than ten days after the Judgment was entered in this action, and therefore, it will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the Motion and the entire file, the Court finds and concludes that Mr. Simmons fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. In the Motion, Mr. Simmons provides a detailed list of legal terms and definitions. However, he fails to assert any reason why the action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). Moreover, he does not provide any grounds that would justify equitable tolling of the one-year limitation period. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion to Reconsider filed on December 30, 2009 is DENIED.

DATED at Denver, Colorado, this 11th day of JANUARY, 2010.

BY THE COURT:

*Christine M Arguello for*
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01202-ZLW

Leo Simmons
Prisoner No. 62094
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _1/11/10_

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk